UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON COLE, CDCR #BT-3249,<br><br>                              Plaintiff,<br><br>v.<br><br>JACKSON COUNTY,<br><br>                              Defendant. | Case No.: 23-CV-1078 TWR (BLM)<br><br>**ORDER (1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b), AND (2) DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF Nos. 1, 2) |

Plaintiff Travon Cole, currently housed at Wasco State Prison ("WSP") located in Wasco, California, proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See generally* ECF No. 1 ("Compl.").) Plaintiff has also filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See generally* ECF No. 2 ("IFP Mot.").)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as

soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. 28 U.S.C. §§ 1915A(a), (c). The Court is required to dismiss those complaints, or any portion of them, that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune." 28 U.S.C. §§ 1915A(b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

"A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations" to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton v Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 327–28).

Section 1983 of Title 42 of the United States Code "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983

"is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotation marks omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Here, Plaintiff's Complaint fails plausibly to allege the deprivation of a right secured by the Constitution or the laws of the United States.  Indeed, the Complaint is completely devoid of any coherent factual allegation.  (*See generally* Compl.)  Plaintiff names "Jackson County" as the only Defendant and refers to the "Rainbow Pink Yellow 1370 law," for example.  (*See id.* at 1, 3.)  The Court therefore finds that the Complaint as a whole rises to the "level of the irrational or the wholly incredible," *see Denton,* 504 U.S. at 33, and, as such, the Court **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (ECF No. 1) as frivolous pursuant to 28 U.S.C. § 1915A, *see Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend"), and **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  The Court therefore **DENIES AS MOOT** Plaintiff's Motion to Proceed IFP (ECF No. 2). Accordingly, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated:  June 29, 2023

_____
Honorable Todd W. Robinson
United States District Judge